UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMANUEL NIKOLAOS MPRAS
7361 McWhorter Pl Ste 311
Annandale, VA 22003-5649
(703) 642-9042

                **Plaintiff**

v.

DISTRICT OF COLUMBIA

Serve:   Mayor Vincent C. Gray
          John A. Wilson Building
          1350 Pennsylvania Avenue NW
          Washington DC 20004
and
          Office of the Attorney General
          Claims Unit, 6th Floor South
          441 4th Street NW
          Washington DC 20001

                **Defendant**

Case Number:
1:14-cv-220

## COMPLAINT

The Plaintiff Emanuel Mpras hereby makes this Complaint for monetary damages, as well as declaratory and injunctive relief.

## PARTIES

1.      The Plaintiff is a former member of the District of Columbia Metropolitan Police Department who resigned in good standing on May 22, 2011 after more than ten years of service as a law enforcement officer.

2.      The Defendant is a municipal government capable of being sued.

## JURISDICTION AND VENUE

3. Each of the events complained of herein occurred within the District of Columbia.

4. The Plaintiff offers a cause of action arising under 42 U.S.C. § 1983 for being subjected to a deprivation of his rights, privileges, and/or immunities secured by the Constitution and applicable law, by persons acting under color of the authority of the government of the District of Columbia.

5. Under 28 U.S.C. § 1331, the United States District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States, including 42 U.S.C. § 1983.

6. The Plaintiff asks this Court to declare his rights and other legal relations.

7. Under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.*, the United States District Court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

8. In accordance with D.C. Code § 12-309, the Plaintiff has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injuries sustained by the Plaintiff within six months after such injuries were sustained.  However, the Plaintiff makes no waiver of defenses against these notice requirements for any claim brought forth in a Federal venue and for any claim arising under Federal law.  The Plaintiff further asserts the Defendant's good and sufficient actual and/or constructive prior notice of all claims.

**RELEVANT STATUTE**

9. The Law Enforcement Officers Safety Act of 2004 provides that a police officer who

   a. separated from service in good standing from service with a public agency as a law enforcement officer and,

   b. before such separation, was authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and had statutory powers of arrest and,

   c. before such separation, served as a law enforcement officer for an aggregate of 10 years or more and,

   d. during the most recent 12-month period, has met, at the expense of the individual, the standards for qualification in firearms training for active law enforcement officers, as determined by the former agency of the individual and,

   e. has not been officially found by a qualified medical professional employed by the agency to be unqualified for reasons relating to mental health and,

   f. has not entered into an agreement with the agency from which the individual is separating from service in which that individual acknowledges he or she is not qualified under this section for reasons relating to mental health and,

   g. is not prohibited by Federal law from receiving a firearm,

may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, notwithstanding any other provision of the law of any State or any political subdivision thereof, subject to some additional other limitations not applicable herein. 18 U.S.C. § 926C.

## RELEVANT FACTS

10. The Plaintiff was appointed a United States Drug Enforcement Agency Special Agent on October 9, 1998 and later resigned in good standing.

11. The Plaintiff was appointed a police reserve officer with the Metropolitan Police Department on March 16, 2002.

12. The Plaintiff resigned his position with the Metropolitan Police Department on May 22, 2011 after more than ten years of aggregate service as a law enforcement officer.

13. During such times of appointment and employment as a DEA Special Agent and as a police reserve officer, the Plaintiff was authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and had statutory powers of arrest. See, *e.g.*, D.C. CODE §§ 5-127.04; 5-127.05; 23-561; 23-581.

14. The Plaintiff is not disqualified to possess a firearm under Federal law.

15. The Plaintiff has not been officially found by a qualified medical professional employed by the agency to be unqualified for reasons relating to mental health.

16. The Plaintiff has not entered into any agreement with the Metropolitan Police Department in which he acknowledged he is not qualified under this section for reasons relating to mental health

17. On April 26, 2013, Assistant Attorney General Jonathan H. Pittman wrote to attorney Robert Core and asserted that the Plaintiff had resigned from the Metropolitan Police Department in lieu of termination.

18. Such an assertion was known by Pittman to be false or would have been known to him upon reasonable inquiry. It was known to Mr. Pittman and the District of Columbia that the Plaintiff resigned of his own accord and without any such termination proposed or pending, nor was there any extant cause which would have justified the Plaintiff's termination.

19. Attorney Robert Core is a senior attorney and former FBI agent with whom the Plaintiff was fostering a business relationship.

## COUNT I

### Deprivation of a Property Interest

20. The allegations set forth in Paragraphs 1 through 19 above are referenced and incorporated as if fully repeated herein.

21. The Metropolitan Police Department has established procedures for establishing eligibility and the issuance of photographic identification for all qualified former Metropolitan Police Officers in furtherance of the Law Enforcement Officers Safety Act.

22.     The Plaintiff has met each and all of the requirements of eligibility, but the Metropolitan Police Department now maintains false and derogatory statements in its records for the specific purpose of depriving the Plaintiff of eligibility for such photographic identification.

23.     The Plaintiff having met each and all of the requirements for issuance of such photographic identification establishes a property interest in such identification unless otherwise disqualified by law.

24.     The Defendant has deprived the Plaintiff of such interest without due process or lawful cause.

## COUNT II

### Deprivation of a Liberty Interest

25.     The allegations set forth in Paragraphs 1 through 24 above are referenced and incorporated as if fully repeated herein.

26.     The Plaintiff has a liberty interest established by the Second Amendment of the United States Constitution to bear arms for self defense in confrontation.

27.     The United States Congress has determined that persons who have been previously or currently employed as police officers have a particular likelihood of such confrontation due to their duties as police officers. See, *e.g.*, H.R. REP. No. 560, 108th Cong., 2nd Sess. 2004.

28.     The United States Congress has further determined that such persons, if not otherwise disqualified are entitled to carry concealed handguns throughout the United States and the District of Columbia, with certain limitations not applicable herein. *Id.*

6

29. The deprivation of the photographic identification by the Metropolitan Police Department has deprived the Plaintiff of his exercise of this liberty interest without due process or lawful cause.

## COUNT III

### Deprivation of Equal Protection Under Law

30. The allegations set forth in Paragraphs 1 through 29 above are referenced and incorporated as if fully repeated herein.

31. The Defendant has deprived the Plaintiff of his photographic identification while providing other similarly situated persons such photographic identification.

32. The Defendant has deprived the Plaintiff of his photographic identification without a rational basis under law.

33. By the Defendant depriving the Plaintiff of his photographic identification without lawful cause, the Plaintiff has been denied equal protection of the laws.

34. Such deprivation of equal protection of the laws was a direct result of an official policy of the District of Columbia government.

## COUNT IV

### Defamation *per se*

35. The allegations set forth in Paragraphs 1 through 34 above are referenced and incorporated as if fully repeated herein.

36. The District of Columbia, as an official policy and custom, maintains false and derogatory information in its official records of the Plaintiff's employment.

37. Such false information speaks specifically to the Plaintiff's fitness for employment as a law enforcement officer.

38. The District of Columbia has directly transmitted such false information to business associates of the Plaintiff.

39. The transmission of such false information has directly and proximately injured the Plaintiff in his profession.

40. The maintenance of such false information within District of Columbia's official records of the Plaintiff's employment wrongfully impede and prevent the Plaintiff's future employment as a law enforcement officer.

**Request for Declaratory and Injunctive Relief**

41. The allegations set forth in Paragraphs 1 through 40 above are referenced and incorporated as if fully repeated herein.

42. The Plaintiff is entitled to declaratory relief under 28 U.S.C. § 2201(a), wherein the Plaintiff asks this Court to declare the deprivation of his photographic identification and the attendant immunities of the Law Enforcement Officers Safety Act to be unlawful.

43. The Plaintiffs ask this Court to direct the Defendant to issue the Plaintiff such photographic identification as provided by law.

**WHEREFORE**, the Plaintiff requests the Court to find the Defendant's actions to be unlawful and injurious to the Plaintiff.  The Plaintiff demands monetary damages

exceeding twenty dollars, in an amount to be determined according to proof at trial, plus costs, interest and attorney's fees as provided by 42 U.S.C. § 1988.

The Plaintiff further asks the Court to award such punitive damages as the Court finds necessary to appropriately punish the Defendant and deter similar misconduct in the future.

The Plaintiff demands a jury trial on all issues so triable.

                      Respectfully Submitted,

                      _____
                      Matthew August LeFande
                      Attorney at Law PLLC
                      4585 North 25th Road
                      Arlington VA 22207
                      Tel: (202) 657-5800
                      Fax: (202)318-8019
                      email: matt@lefande.com
                      Attorney for the Plaintiffs
                      DC Bar #475995